UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

WALTER J. WOODRUFF

VERSUS

ENTERPRISE LEASING COMPANY
OFNEW ORLEANS

CIVIL ACTION

No. 3:10-cv-00536

## **RULING ON MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (doc. 9) filed by Defendant Enterprise. Plaintiff filed an opposition (doc. 11). Defendant has filed reply (doc. 12). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, the Court will GRANT Defendants' Motion for Summary Judgment (doc. 9).

### **Background**

Defendant Enterprise hired Plaintiff Woodruff on November 13, 2006. At the time, his primary duty was to provide transportation for customers to and from branch locations. He continues to work for Enterprise as a member of the driver pool, transporting vehicles between locations.

In the spring of 2008, Plaintiff was riding in one of Defendant's cars with Dorothy Merritt, a co-worker. Plaintiff claims that Merritt said she thought "a bunch of n****** rented that car" because it was so filthy.

Woodruff admits that he did not report the incident immediately to management. Approximately two weeks later, while he was having a casual

conversation with assistant manager John Crochet, he mentioned the comment that Merritt had made. Crochet reported the incident to his branch manager, Brent Hebert. Merritt was then terminated on March 13, 2008.

Plaintiff filed an EEOC charge on June 9, 2009. Plaintiff then filed for Chapter 7 bankruptcy on February 23, 2010. He did not list his charge of discrimination in his Statement of Financial Affairs or on any other paperwork. The EEOC issued a Notice of Rights to sue on April 29, 2010. Plaintiff's debts were discharged in bankruptcy on June 2, 2010. Plaintiff filed suit against Defendant on July 27, 2010.

## **Standard of Review**

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine dispute as to material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although this Court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue

for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. *Grimes v. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex*, 477 U.S. at 322.

## **Discussion**

Defendant Enterprise cites that as a debtor in bankruptcy, Plaintiff Woodruff had an affirmative and continuing duty under the Bankruptcy Code to disclose all of his assets to the Court, including all contingent and unliquidated claims such as administrative proceedings and litigation. *See, e.g., In re Coastal Plains, Inc.,* 179 F.3d 197, 207-08 (5th Cir. 1999). Because Plaintiff failed to do so, Defendant argues that Plaintiff should be judicially barred from proceeding with the action against Defendant.

The Fifth Circuit recognizes a three-part test for applying judicial estoppel: (1) the party is judicially estopped only if its position is clearly inconsistent with the previous one; (2) the court must have accepted the previous position; and (3) the non-disclosure must not have been inadvertent. *In re Superior Crewboats, Inc.,* 374 F.3d 330, 335 (5th Cir. 2004).

1) The legal position of the party to be estopped is clearly inconsistent with its previous one.

In *In re Superior Crewboats, Inc.,* 374 F.3d 330 (5th Cir. 2004), the court held that the Plaintiffs' omission of the personal injury claim from their mandatory bankruptcy filings is tantamount to a representation that no such claim existed. The plaintiff's subsequent contention that the personal injury claim was viable was inconsistency, satisfying the first prong of the judicial estoppel test.

Defendant argues that the first prong of the test is satisfied because the Plaintiff filed a charge with the EEOC on June 9, 2009 with several other forms of communication occurring between EEOC and the Plaintiff, including Plaintiff's communication with Commission on December 16, 2009, regarding the status of his charge. When Plaintiff filed for bankruptcy, he did not divulge his claims, his charge number, or even the existence of the administrative charge (doc. 9-1 at 7). Next to the box which states to list "Suits and administrative proceedings, executions, garnishments and attachments," the Plaintiff checked "None" (doc. 9-3 at 43).

In response to discovery, the Plaintiff produced correspondence from attorney Harry Ezim, who represented him in the EEOC charge, responding to his request to represent him in litigation against Enterprise. Defendant claims that the letter (doc. 9-3 at 61) demonstrates that Plaintiff was contemplating bringing suit against Defendant in the same month that he was discharged in bankruptcy, June 2010 (doc. 9-1 at 7). Plaintiff did not amend his bankruptcy

4

petition to reflect the potential litigation. Plaintiff then filed suit against Defendant Enterprise on July 27, 2010. The Plaintiff disputes the statement of undisputed facts but presents no evidence to support his claims.

The Court finds that the legal position that the Plaintiff has taken is inconsistent to his previous one in Bankruptcy Court. Therefore, the Court finds Defendant has satisfied the first prong of the judicial estoppel test.

## 2)  The party against which estoppel is sought convinced a court to accept that previous position.

Defendant claims that the failure to disclose Plaintiff's claim against Enterprise was relied upon by the bankruptcy court in issuing its discharge of Plaintiff's debt. Subsequent to Woodruff being discharged, the trustee assigned to Woodruff's bankruptcy case represented to the bankruptcy court that upon conducting a diligent inquiry with the debtor, the estate had no assets for distribution (doc. 9-3 at 62). This occurred after the claim against Defendant Enterprise had been filed. The trustee was discharged and the case closed by the bankruptcy court five days later on September 28, 2010 (doc. 9-1 at 8). The Plaintiff presents no evidence to the contrary.

As the Court finds Plaintiff convinced the Bankruptcy Court he had no unliquidated claims, the Court finds that the Defendant has satisfied the second prong of the judicial estoppel test.

### 3) The party to be stopped did not act inadvertently.

Defendant argues that the Plaintiff's failure to disclose the claim to the bankruptcy court was not inadvertent because the Plaintiff knew of his claims against Enterprise prior to and during the pendency of his bankruptcy case (doc. 9-1 at 8). To demonstrate that his inconsistent position arose from inadvertence, the Plaintiff must prove that at the time he filed his bankruptcy petition, he was unaware of the facts giving rise to his claims against Enterprise, not that he was unaware that he had a duty to disclose the claim to the bankruptcy court. *Ratliff v. Bay Inc. of Texas*, No. 05-1194, 2007 WL 1455969, at *1(citing *In re Coastal Plains, Inc.*, 179 F.3d at 211-12; and *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598 (5th Cir. 2005)). In *Jethroe*, the Plaintiff filed for bankruptcy and concealed her EEOC claim and lawsuit. The court found that the Plaintiff had knowledge of both her bankruptcy and her discrimination allegations, and thus her failure to disclose was not inadvertent.

The Court finds the case at bar similar to *Jethroe*. The record evidence reflects that the Plaintiff in the case at bar was well aware of the underlying facts giving rise to his claims prior to, during, and after being discharged in bankruptcy. The Court finds that *Jethroe* is controlling authority and that the Plaintiff's non-disclosure was not inadvertent. Therefore, Defendant has satisfied the third prong of the judicial estoppel test.

Having found that the Plaintiff's claim is barred by judicial estoppel, the Court finds it is not necessary to address the additional arguments raised in the Defendant's Motion.

## Conclusion

Accordingly, it is hereby ordered that Defendant Enterprise Motion (doc. 9) for Summary Judgment is GRANTED due to the Plaintiff's failure to disclose to the Bankruptcy Court all of his assets, including all contingent and unliquidated claims.

Signed in Baton Rouge, Louisiana, on January 25, 2012.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**